CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 03 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT CARSWELL, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>TERRY O'BRIEN, )<br>    Respondent. ) | Civil Action No. 7:10-cv-00042<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

Robert Carswell, proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and an exhibit with quotes from the Constitution and various cases. Petitioner names the Warden of the United States Penitentiary in Lee County, Virginia ("USP Lee"), as the sole respondent. This petition is before the court for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases.

Federal courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). A "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. For a § 2241 petition, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973). In this case, petitioner states he was released from the custody of the Warden of USP Lee on January 15, 2010,[1] "on stipulated conditions." (Pet. 1.) However, petitioner does not describe the conditions in any way for the court to find petitioner is in custody and eligible for habeas relief. Furthermore, even if petitioner was under "stipulated conditions" that amounted to custody, he fails to establish that the Warden

---

[1] The court recieved petitioner's petition, which he mailed from a residential address in Georgia, on January 27, 2010.

is responsible for the "stipulated conditions." Accordingly, by virtue of petitioner's failure to establish the threshold inquiry of custody and his admitted release from custody, the court dismisses the § 2241 petition without prejudice.

Alternatively, petitioner filed the petition without requesting leave to proceed in forma pauperis and without paying the $5 filing fee. See 28 U.S.C. § 1914(a). Therefore, the court dismisses the petition without prejudice. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in foma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed in forma pauperis).

Alternatively, petitioner's habeas petition is frivolous and must be dismissed. The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); Rules 1(b) and 4 of the Rules Governing § 2254 Cases. The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A pleading needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege

facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a petition can identify pleadings, like the instant petition and exhibit, that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Petitioner's bare pleading merely requests $10,000 and the appointment of counsel because he was recently released from prison and is an American citizen. However, the petitioner does not provide any indication of what unconstitutional activity from which he seeks relief. Moreover, the petition is for § 2241 relief but asks for money damages, and petitioner alternatively fails to allege that a defendant is a federal agent who acted under the color of authority and engaged in unconstitutional conduct. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Without any factual basis for relief, the court finds that petitioner's submissions are frivolous and subject to dismissal. A separate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 3rd day of February, 2010.

/s/ James C. Turk
Senior United States District Judge